UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:15-cv-00172-MOC
Related Bankruptcy Case: 13-01019

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CEI, LLC a/k/a Communications Electrical Industries, LLC, | ) ) | ORDER |
| | ) | |
| Debtor. | ) ) | |
| | ) | |
| LANGDON M. COOPER, Trustee Adversary Proceeding In Bankruptcy for CEI, LLC a/k/a No. 13-01019 Communications Electrical Industries, LLC, | ) ) ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | |
| KENNETH W. LIVESAY and GLOBAL FIBER, LLC, | ) ) ) | |
| Defendants. | | |

**THIS MATTER** is before the court on Brenda Livesay's "Motion to Permit Consideration by the Court in this Appeal of the Transcript Filed in Bankruptcy Court." (#6). Review of Ms. Livesay's Motion and the related Bankruptcy Record indicates that counsel for Ms. Livesay obtained a tape of the April 21, 2015 Bankruptcy hearing regarding the motion to intervene, which is the subject of the appeal in this case. Counsel then submitted the tape to a reporting service not designated as one authorized by the Bankruptcy Court. See http://www.ncwb.uscourts.gov/transcript-request (Bankruptcy Court website listing the designated approved transcript services). Counsel then filed a copy of the transcript on August

-1-

26, 2016. (Bankr. Doc. No. 37). The Bankruptcy Court then issued a "Notice of Defective Filing" regarding that transcript on August 27, 2015. (Bankr. Doc. No. 38), which stated, in its entirety:

> **NOTICE IS HEREBY GIVEN** that the Submissions filed in the above referenced case on 08/26/2015 as document # 37 is defective for the reason(s) marked below:
>
> Attached transcript was transcribed using a transcription service that has not been approved by the United States Bankruptcy Court for the Western District of North Carolina.
>
> Official Authorized Transcript is Required.
>
> PLEASE TAKE NOTICE that this should be corrected immediately to allow for timely processing of the case/proceeding.

See id. Review of the Bankruptcy Record indicates that no further filings were made regarding this transcript until the instant motion.

By his motion, counsel for Ms. Livesay asks the court to accept into the record the transcript that was prepared by the non-court approved court reporter, or in the alternative, to secure a transcript from the federal court reporter. The court has conferred with the Bankruptcy Trustee and counsel of record in this matter, who all indicate that they do not object to the use of such transcript. The court has also reviewed the transcript submitted to the Bankruptcy Court, and is satisfied with the reporter's certified statement as to the accuracy of the transcript. The court also notes that while it is clear from the Bankruptcy Court's website that there are authorized court reporters, it is not clear from a reading of the Local Rules or the Federal Rules of Bankruptcy Procedure that counsel is required to use any particular transcript services. Having conferred with the Bankruptcy Court, it appears that such requirement comes from the Guide to

Judiciary Policy on Court Reporting.[1] In light of the fact that significant resources will be saved in accepting the transcript as is, that no party objects, and that the transcribing reporter's certified statement is satisfactory, the court will allow an exception to the practice of using court-approved transcription services and allow the transcript to be filed on this particular occasion.

The court also notes that attached to the submitted transcript is an affidavit from the reporter stating that because the recording of the Bankruptcy Hearing was of poor quality, "I was unable to accurately and completely transcribe everything that was said in the hearing. I was forced multiple times to put 'inaudible' in the transcript where it was impossible to decipher what was being said; And that I have delivered to Mr. Brewer a transcript, but, as a result of the faulty audio, am convinced I have been unable to accurately transcribe the entirety of the proceedings." See (Bankr. Doc. No. 37-2). In light of such statement, the court advises the parties that if, at any time in these proceedings they believe that the transcript of the proceeding before Judge Hodges has been transcribed inaccurately, they may file a motion alerting the court of that fact.

---

[1] The Guide to Judiciary Policy, Volume Six, Court Reporting, Chapter 1, § 510.40.20, governing Professional Transcription Services – Electronic Sound Recordings, provides in relevant part:

> **(f) Official Court Reporters**
>
> With approval from the court, an official staff, temporary, or combined-position court reporter may agree to produce transcripts from audio recordings of court proceedings which the reporter did not attend. The reporter is considered a transcriber and may be paid no more than the rates established by the Judicial Conference. Courts may not provide preferential treatment to court staff by referring all transcription work to one or more staff court reporters. Instead, transcription work should continue to be rotated evenly among the qualified transcribers already used by the court and the court reporter(s) who have been authorized by the court to transcribe proceedings of electronic sound recording.

Id.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Brenda Livesay's "Motion to Permit Consideration by the Court in this Appeal of the Transcript Filed in Bankruptcy Court" (#6) is **GRANTED** and the Bankruptcy Clerk is **DIRECTED** to so file such transcript as part of the record in this case.

Signed: October 9, 2015

Max O. Cogburn Jr.
United States District Judge