UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:15-cv-00172-MOC
Related Bankruptcy Case: 13-01019

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CEI, LLC a/k/a Communications Electrical ) | ORDER |
| Industries, LLC, ) | |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| BRENDA LIVESAY, ) | |
| Appellant, ) | |
| v. ) | |
| ) | |
| LANGDON M. COOPER, Trustee In Bankruptcy for ) | |
| CEI, LLC a/k/a No. 13-01019 Communications ) | |
| Electrical Industries, LLC, KENNETH W. LIVESAY ) | |
| and GLOBAL FIBER, LLC, ) | |
| ) | |
| Appellees. ) | |

**THIS MATTER** is before the court on appeal from the decision of the United States Bankruptcy Court to deny Appellant Brenda Livesay's Motion to Intervene. Having considered the matter and reviewed the pleadings, the court will affirm the decision of the Bankruptcy Court and dismiss this appeal for the reasons stated herein.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

Appellant is both beneficiary and trustee of Ronald B. Livesay's (deceased) Revocable Trust. Additionally, Appellant is a creditor of Communications Electrical Industries ("CEI" or "Debtor"), a limited liability corporation that filed Chapter 7 bankruptcy. On June 4, 2013, Langdon M. Cooper, Trustee in Bankruptcy for CEI, ("Appellee" or "Trustee") filed the underlying adversary action against Global Fiber, LLC and Kenneth W. Livesay (collectively

1

referenced herein as "Defendants")[1] in Bankruptcy Court. Appellant sought to intervene in the underlying adversarial bankruptcy proceeding as a party plaintiff pursuant to Fed. R. Civ. P. 24 on March 19, 2015—almost two years after the underlying proceeding was initiated. After all parties briefed the issue of intervention, the Honorable George R. Hodges, United States Bankruptcy Judge, held a hearing on Ms. Livesay's Motion on April 21, 2015, and thereafter denied the motion by written order on July 28, 2015. See (Bankr. Doc. No. 30). Review of the proceedings below indicates that Judge Hodges found that Appellant had an interest in the proceedings, but did not qualify as an intervenor for the reasons outlined by both parties to the adversary proceeding in their briefing and in statements before the Bankruptcy Court. See id.; Transcript (Bankr. Doc. No. 37) at p. 16. Judge Hodges' stated at the conclusion of the hearing:

> Well, I think I have to deny the motion to intervene for the reasons that Ms. Youngs [counsel for Trustee] and Mr. Kight [counsel for Global Fiber] outlined and that are contained in the papers. I think the -- Ms. Livesay just does not qualify as somebody who's entitled to intervene. Although she has an interest, it is not one that qualifies her to intervene. So, Ms. Youngs, I'll ask you to draw the order on that if you would, please.

Id. The parties to the adversary proceeding pointed out that Appellant failed to meet the requirements of an intervenor as a matter of right under Fed. R. Civ. P. 24(a)(2) because she did not make a timely motion, or show that her interests would not be adequately represented by the parties. The written Order entered by the Bankruptcy Court stated, in its entirety:

> This matter came on to be heard on April 21, 2015 on the Motion to Intervene (docket no. 26) filed by Brenda Livesay and the subsequent responses filed by Defendant Global Fiber, LLC (docket no. 27) and the Plaintiff/Trustee (docket no. 28). After review of the record and hearing argument, the Court concludes and it is, hereby **ORDERED** that the Motion to Intervene is denied.

See (Bankr. Doc. No. 30). Appellant now appeals that decision of the Bankruptcy Court.

---

[1] The action by trustee against the Defendants was to recover several allegedly fraudulent transfers made by the Debtor to the Defendants. (Bankr. Doc. No. 1. ¶¶ 12, 46-86).

The court notes that while the Bankruptcy Court did not make explicit findings of fact in its written Order, it stated that its decision was based on the arguments and reasons of counsel for Global Fiber and the trustee. (Bankr. Doc. No. 37).

## II. LEGAL STANDARDS

Under 28 U.S.C. § 158(a), district courts have jurisdiction to hear appeals of the decisions of bankruptcy courts. On appeal from a bankruptcy proceeding, the court reviews the Bankruptcy Court's legal conclusions de novo and its factual findings for clear error. Jenkins v. Simpson, 784 F.3d 230, 234 (4th Cir. 2015). "Findings of fact are clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." In re Weiss, 111 F.3d 1159, 1166 (4th Cir. 1997) (internal quotation marks omitted).

Intervention in a bankruptcy adversary proceeding is governed by Rule 24 of the Federal Rules of Civil Procedure. See Fed. R. Bankr. P. 7024 (applying Fed. R. Civ. P. 24(a)(2) to adversary proceedings). Rule 24 contemplates two means of intervening in an existing litigation: as of right (via Fed. R. Civ. P. 24(a)) or through permission by the court (vie Fed. R. Civ. P. 24(b)). The "standard of review for the bankruptcy judge's denial of intervention of right under Rule 24(a)(2) is de novo, while a denial of permissive intervention under Rule 24(b) by a bankruptcy judge is reviewable under an abuse of discretion standard." Pasternak & Fidis, P.C. v. Wilson, No. GJH-14-01307, 2014 WL 4826109, at *2 (D. Md. Sept. 23, 2014) (internal citations and quotation marks omitted). See also Francis v. Chamber of Commerce of U. S., 481 F.2d 192, 194-95 (4th Cir. 1973) ("we acknowledge the rule that a denial of permissive intervention may be reversed only for an abuse of discretion by the district court.").

Appellant appears to argue that intervention is appropriate under either or both means, as indicated by her general reference to "Rule 24" in her original Motion to Intervene in Bankruptcy Court, see (Bankr. Doc. No. 26), and to standards for Rule 24(a) and (b) in her appellate briefing materials. See (#17) (Reply Brief of Appellant) at p. 3-4). The Order of the Bankruptcy Court appears to have relied almost exclusively upon arguments of counsel for Trustee and for Global Fiber in rendering its decision. See Transcript (Bankr. Doc. No. 37) at p. 16. The brief of the Trustee only addressed the legal standards of Fed. R. Civ. P. 24(a)(2), see (Bankr. Doc. No. 28), and the brief of Global Fiber made no mention of either rule. See (Bankr. Doc. No. 27). Thus, the court will address the standards for intervention under both rules for the sake of thoroughness.

Regarding intervention as of right, Fed. R. Civ. P. 24(a) provides, in relevant part:

On timely motion, the court must permit anyone to intervene who:
…

**(2)** claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Id. Thus, in order to intervene in an adversary proceeding as of right under Rule 24(a)(2), the proposed intervenors must show: 1) that the motion is timely, 2) a "direct and substantial interest" relating to the subject matter of the action; 3) that there is a potential for impairment of such an interest without intervention; and 4) that the identified interest is not adequately represented by the parties already present in the litigation. Richman v. First Woman's Bank, 104 F.3d 654, 659 (4th Cir.1997).

Regarding permissive intervention, Fed. R. Civ. P. 24(b) provides, in relevant part:

On timely motion, the court may permit anyone to intervene who:
…

(B) has a claim or defense that shares with the main action a common question of law or fact.
…
**(3) Delay or Prejudice.** In exercising its discretion, the court *must* consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Id.

As timeliness of the Motion to Intervene is central to the parties' arguments here, the court notes that a party seeking to intervene under either Federal Rule of Civil Procedure 24(a) or 24(b) may do so only upon the filing of a "timely motion." See Fed. R. Civ. P. 24. The determination of timeliness "will not be disturbed on appeal absent an abuse of that discretion." Alt v. U.S. E.P.A., 758 F.3d 588, 591 (4th Cir. 2014) (applying abuse of discretion standard for timeliness determination as to Rule 24).

### III. DISCUSSION

#### A. Timeliness of Appellant's Motion to Intervene

The threshold requirement in a motion to intervene under either prong of Rule 24 is timeliness. See Fed. R. Civ. P. 24; NAACP v. New York, 413 U.S. 345, 366 (1973). In determining whether a motion to intervene is sufficiently timely, the court considers: (1) how far the adversarial proceeding has advanced; (2) if any prejudice to the other parties will result due to the resulting delay; and (3) the reason an intervenor was tardy in filing the motion. Alt, 758 F.3d at 591. The Fourth Circuit has emphasized the importance of the timeliness factor and the reluctance to stall "the momentum of [a] lawsuit" which is in the advanced stages of litigation. Id.

Here, the suit is in its advanced stages. The case was filed in June 2013. The case has been stayed once (in May 2014 pending a Supreme Court ruling) and had scheduled status conferences continued three times (in early 2015). Discovery has been completed and the parties have represented that discussions about settlement have commenced. The progress made in the

case thus far without Appellant's participation suggests the filing of the Motion to Intervene by the Appellant will prejudice the parties who have already completed "almost three years worth of negotiations, litigation, and trial preparations." (Br. of Appellee at 9). Further, Appellant's argument that intervention will not "unduly delay the case" because the adversary proceeding has never been on a "fast track for conclusion," see (Br. of Appellant at 12), does not negate the years of progress made in this case. The advanced stage of this litigation and the potential prejudice to the existing parties from allowing an additional party to enter the case weigh against a finding of timeliness in this instance.

The court also finds that Appellant's reasons for not filing her Motion to Intervene earlier are inadequate. Although Appellant argues that she was unable to contact the trustee about the status of the case, see (Br. of Appellant at 7), she was well aware of the substance of the litigation due to her extensive involvement at its inception. (Id. at 6-7). Appellant's vast knowledge of the case at the outset suggests she should have followed through with any objections and filed the Motion to Intervene at an earlier point in time. See Alt, 758 F.3d at 591 (holding that because appellant had closely monitored the proceedings and made strategic decisions not to intervene, there was not a sufficient reason espoused for the tardy intervention). Rather, Appellant waited until the completion of discovery and the commencement of settlement negotiations to file her Motion, and offers no reason for this delayed action. Appellant discusses attempted phone calls as well as emails between the trustee and Appellant that were "all in an effort to try and meet with Mr. Cooper to *participate*—without being necessarily an intervenor." See Transcript (Bankr. Doc. No. 37) at p. 6-7. Upon dissatisfaction with the trustee's responses, or lack thereof, and "absolute frustration with the situation," Appellant decided to file the Motion to Intervene. (Id. at 8). This rationale is not sufficient to meet the requirements of Rule 24. If

6

Appellant believed she had valid claims, she should have filed them at an earlier point so as to prevent unduly burdening the parties, as well as out of consideration for judicial resources. Stuart v. Huff, 706 F.3d 345, 350 (4th Cir. 2013) (holding that motions to intervene can have "profound implications" for courts' trial management tasks due to additional parties complicating even routine matters).

Ultimately, the court finds that Appellant failed to submit a timely Motion to Intervene. Thus, the Bankruptcy Court's denial of her Motion, under either Rule 24(a) or 24(b), cannot have been in error. However, even assuming that Appellant had timely filed her Motion to Intervene, the court finds that the Bankruptcy court did not err in denying the Motion under either means of intervention under of Rule 24.

**B. Rule 24(a)(2)**

On de novo review, the court finds that Appellant's Motion to Intervene under Rule 24(a)(2) should be denied.

*a. Interest relating to the action*

After timeliness, Rule 24(a)(2) next requires the would-be intervenor to show "an interest relating to the property or transaction that is the subject of the action." Fed. R. Civ. P. 24(a)(2). Although Rule 24(a)(2) does not specify the nature of an interest required for a party to intervene as a matter of right, the Supreme Court determined that such an interest must be of a sufficient extent to be "significantly protectable." Donaldson v. United States, 400 U.S. 517, 531 (1971). The court finds that Appellant has a significantly protectable interest in this matter due to her role as the beneficiary of both the deceased's will and the Family trust. As a result, this factor is satisfied.

7

### b. *Impairment of Interest by the Disposition of the Action*

The third factor of Rule 24(a)(2) requires the would-be intervenor to prove that the ability to protect his or her interest would be impaired if denied the ability to intervene. Teague v. Bakker, 931 F.2d 259, 260–61 (4th Cir. 1991). Here, Appellant argues that the decision of the Bankruptcy Court denying the Motion to Intervene prevents her from protecting her interests and those of the beneficiaries of those trusts. See (Br. of Appellant at 12). Appellee responds that the Appellant has alternate means to protect her interest, namely an *amicus* brief. (Br. of Appellee at 12). The Fourth Circuit, as Appellee suggests, has indicated a reluctance to insert multiple parties when such insertion will lead to minimal benefit to the underlying litigation. See Stuart, 706 F.3d at 355. Further, the existence of alternative "means of expression," such as *amicus* briefs, supports the inclination to prevent courts from being driven "into multi-cornered lawsuits by indiscriminately granting would-be intervenors party status and all the privileges pertaining thereto." Id. However, the ability to use an amicus brief in this case is less significant than in Stuart, which involved general third party citizens attempting to intervene so as to support the constitutionality of a statute. The instant case, on the other hand, deals with a trustee/beneficiary trying to protect her own personal interest from inadequate representation. However, Appellant offers no arguments allowing this court to find that her interests would be impaired if denied the ability to intervene. The mere conclusory statements by Appellant concerning the trustee's "inexplicable" discovery methods or that the recovery is not being "aggressively pursued," see (Br. of Appellant 14), is insufficient to meet the third factor.

### c. *Adequate Representation*

Lastly, the would-be intervenor must show that the existing parties do not already adequately represent the intervenor's interest. Fed. R. Civ. P. 24(a)(2). The burden on the

intervenor of showing inadequate representation is ordinarily "minimal," requiring only a showing that the "representation of his interest may be inadequate." Trbovich v. United Mine Workers of America, 404 U.S. 528, 538 n.10 (1972) (citation and internal quotation marks omitted). However, when the intervenor has the same "ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented." Stuart, 706 F.3d at 349 (quoting Virginia v. Westinghouse Elec. Corp., 542 F.2d 214, 216 (4th Cir. 1976)).

The trustee and Appellant share the same objective in this adversarial action based on the fact that they both seek relief and recovery for the allegedly fraudulent actions of the Defendants. (Br. of Appellee at 12). Indeed, Appellant implicitly concedes this point by noting that she was the one who brought the fraudulent matter to the attention of the trustee in the first place. (Br. of Appellant at 5). Thus, Appellant will have to overcome a presumption that her interests are adequately represented by the trustee.

To successfully rebut the presumption, collusion or nonfeasance by the representative are factors the court should consider. Stuart, 706 F.3d at 350. Appellant argues that the presumption is rebutted by the alleged nonfeasance committed by the trustee in failing to conduct effective discovery. (Reply Br. of Appellant at 8). In support of this argument, Appellant contends, without offering any evidence, that the accountings filed in the underlying bankruptcy proceeding "do not reflect any payment for legal fees or transcripts in connection with depositions or any other discovery efforts," (id. at 7), which indicates minimal to non-existent discovery efforts. However, Appellee contends that the completed discovery was "extensive" and generally disputes the argument that it did not complete adequate discovery. (Br. of Appellee at 10). Further, Appellee notes that the trustee initiated the adversarial proceeding through the information given by Appellant, completed a thorough investigation of the debtor's assets and

9

transactions, and strategically decided to pursue $5,146,123.86 in supposedly fraudulent conveyances from Defendants. (Br. of Appellee at 16). Without more, the court cannot find nonfeasance based on an allegation of inadequately conducted discovery.

Even if the Appellant had shown nonfeasance by the Trustee, she must fulfil an additional burden to satisfy the fourth element of intervention. There must be a "compelling showing of inadequate representation" where an "existing party is under a legal obligation to represent the would be intervenor's interest." In re Richan, 104 F.3d 654, 660 (4th Cir. 1997). Because this case involves a trustee under a legal obligation to protect Appellant (who is a beneficiary and creditor), the heightened burden standard outlined in In re Richan should apply. Here, Appellant cannot satisfy such burden. Appellant's arguments discuss matters related to the litigation strategies of the trustee in not proceeding quickly, or "aggressively," enough or seeking a more substantial recovery. Here, the bankruptcy judge found that the Appellant's interests were adequately represented. The court has been presented with no evidence or convincing argument otherwise. As a result, Appellants are unable to meet their burden of demonstrating inadequate representation by an existing party to the action, namely the trustee. See Bumgarner v. Ute Indian Tribe of the Uintah and Ouray Reservation, 417 F.2d 1305, 1308 (10th Cir.1969) (holding that appellant's argument that they would have "handled the . . . case differently than did the Administratrix" was "not sufficient to challenge the adequacy of representation"); see also 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* § 1909, at 344 (2d ed. 1986 & Supp.2005) ("A mere difference of opinion concerning the tactics with which litigation should be handled does not make inadequate the representation of those whose interests are identical with that of an existing party or who are formally represented in the lawsuit.").

## C. Rule 24(b)

The court has also considered whether, under an abuse of discretion standard of review, the Bankruptcy Court erred in denying Appellant's Motion to Intervene under the legal standards of Rule 24(b). "[A] decision to deny permissive intervention under Rule 24(b) 'lies within the sound discretion of the trial court.'" Smith v. Pennington, 352 F.3d 884, 892 (4th Cir. 2003) (quoting Hill v. Western Elec. Co., Inc., 672 F.2d 381, 386 (4th Cir.1982)). The provision on permissive intervention under Rule 24(b) provides, in relevant part, that a party may intervene, with the court's approval, "[u]pon timely application," "when an applicant's claim or defense and the main action have a question of law or fact in common." Fed.R.Civ.P. 24(b). "In exercising its discretion, the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Id. As a result, the elements of permissive intervention are: (1) timeliness; (2) shared question of law or fact; and (3) undue delay or prejudice. Wright v. Krispy Kreme Doughnuts, Inc., 231 F.R.D. 475, 479 (M.D.N.C. 2005).

Considering the discussion above on timeliness weighed against intervention, the factor is certainly not satisfied in this context due to strict enforcement of "the timeliness requirement of Rule 24 . . . in a case where intervention is . . . permissive." Brink v. DaLesio, 667 F.2d 420, 428 (4th Cir. 1981). Elements two and three are similarly resolved by the above discussion. Although Appellant and Appellee's similar interest in obtaining a recovery from the Defendants for their allegedly fraudulent actions weighs in favor of intervention due to it being a shared common question of law or fact, the most critical consideration in the permissive intervention analysis— "undue delay" to the adjudication and the original parties—weighs against intervention in this case. Stuart v. Huff, 706 F.3d at 355 (holding that permissive intervention was not warranted

11

when the original parties already pursued the same "ultimate objectives as the appellants" because it would result in undue delay to the court and the parties). As mentioned above, the parties in the case have already completed nearly three years worth of negotiations, litigation, and trial preparations. (Br. of Appellee at 10). Adding Appellant to the litigation will unduly delay the matter because she seeks to add to the legal or factual issues to be adjudicated. Transcript (Bankr. Doc. No. 37) at p. 12-15. In light of the circumstances, the court cannot say that the Bankruptcy Court abused its discretion in denying the Motion to Intervene under Rule 24(b).

### D. Joinder

To the extent that Appellant attempts to bring issues of joinder before the court, the court will not consider them, as they were not raised in the proceedings before the Bankruptcy Court and thus are not appropriate for consideration in the first instance in this appeal. See Francis v. Chamber of Commerce of U. S., 481 F.2d 192, 194 (4th Cir. 1973) (refusing to consider arguments raised for the first time on appeal).

## IV. CONCLUSION

For the reasons state herein, the court finds no error in the Bankruptcy Court's decision to deny Appellant's Motion to Intervene.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the court **AFFIRMS** the Bankruptcy Court's decision to deny the Motion to Intervene, and this appeal is **DISMISSED**.

The Clerk of Court is respectfully instructed to transmit a copy of this Order to the Bankruptcy Clerk.

Signed: June 29, 2016

Max O. Cogburn Jr.
United States District Judge