UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:15-cv-00172-MOC
Related Bankruptcy Case: 13-01019

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CEI, LLC a/k/a Communications Electrical Industries, LLC, | ) | ORDER |
| | ) | |
| Debtor. | ) | |
| | ) | |
| BRENDA LIVESAY, | ) | |
| Appellant, | ) | |
| v. | ) | |
| | ) | |
| LANGDON M. COOPER, Trustee In Bankruptcy for CEI, LLC a/k/a No. 13-01019 Communications Electrical Industries, LLC, KENNETH W. LIVESAY and GLOBAL FIBER, LLC, | ) | |
| Appellees. | ) | |

**THIS MATTER** is before the court on Appellant Brenda Livesay's Motion for Reconsideration (#23). The time for a response from Appellees has run without any such response being filed. Having considered the motion and reviewed the pleadings, the court enters the following Order.

### I. Introduction

The procedural history of this case was set forth in this court's prior Order (#21) affirming the decision of the Bankruptcy Court appealed herein; the court will not repeat it here.

After the court affirmed the decision of the Bankruptcy Court to deny Appellant's Motion to Intervene and dismissed this appeal, see (#21), Appellant moved for Reconsideration.

## II.     Legal Standards for Motions to Reconsider

Though Appellant does not state any rule or legal authority in her Motion, the court has considered Appellant's Motion as one for reconsideration pursuant to Fed. R. Civ. P. 59(e), which governs motions for reconsideration of a court's final, as opposed to interlocutory, orders. See Fed. R. Civ. P. 59(e); Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514 (4th Cir. 2003). A Rule 59(e) motion is subject to the court's discretion and is "'an extraordinary remedy which should be used sparingly.'" Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir.1998) (quoting 11 Wright et al., Federal Practice and Procedure § 2810.1, at 124 (2d ed. 1995)). The Fourth Circuit has recognized "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Id. (citing EEOC v. Lockheed Martin Corp., 116 F.3d 110, 112 (4th Cir. 1997). Importantly, Rule 59(e) motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Id. (citation and internal quotations omitted). Likewise, a Rule 59(e) motion is not an opportunity to relitigate issues already ruled on because a litigant is displeased with the result. United States ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002).

## III.    Discussion

Though Appellant does not articulate any argument under the above standards, she "make[s] several salient observations for the Court's consideration" in support of her Motion for

Reconsideration. See Appellant's Motion to Reconsider (#23) at p. 1. First, Appellant notes that the defendants in the adverse proceeding below have not participated in this appeal. As it is Appellant's burden to show the court why intervention is appropriate, see United States v. Exxonmobil Corp., 264 F.R.D. 242, 245 (N.D.W. Va. 2010), the court finds such fact irrelevant and moreover, inapplicable to the factors appropriate for reconsideration. Second, Appellant argues that because the Bankruptcy Court made no findings of fact or conclusions of law in denying the motion to intervene, it is impossible for this court to review its decision. As the court noted in its prior Order, "while the Bankruptcy Court did not make explicit findings of fact in its written Order, it stated that its decision was based on the arguments and reasons of counsel for Global Fiber and the trustee." See (#21 at p. 3) (citing Bankr. Doc. No. 37). Though not particularly helpful to a reviewing court, such cursory Orders relying on the arguments of parties as stated in their briefs are commonplace in Bankruptcy Court. The court therefore finds no error in relying on the statements of the Bankruptcy Court in that regard. Third, Appellant states that she diligently sought information from Langdon Cooper, the Trustee in Bankruptcy for CEI, LLC (Appellee) concerning the discovery undertaken in this matter prior to filing the Motion to Intervene but was unsuccessful. While Appellant now contends that he had intended to present evidence to the court at the cancelled hearing,[1] including calling Mr. Cooper as an adverse witness as to the extent of discovery completed in this case, and/or requesting that the court order Mr. Cooper supply to the court for in camera review all documents related to discovery in this

---

1 After this appeal had been fully briefed, the court, on its own motion, scheduled oral arguments on the matter. See (#18). When a criminal trial disrupted the court's civil motions schedule, including the oral arguments set in this case, the court determined that handling this appeal based on the written arguments of counsel was appropriate and therefore cancelled the oral arguments. See LCvR 7.1(A) ("Unless made during a hearing or trial, all motions must be put in writing and filed as provided by LCvR 5.2(C) and shall state with particularity the grounds of the motions and shall set forth the relief or Order sought. Motions will ordinarily be ruled upon without oral argument, unless otherwise ordered by the Court.") (emphasis added).

case, Appellee made no attempt to request such evidence before this appeal was dismissed. Appellant made no motion for an evidentiary hearing at any time in these proceedings, did not file a motion to reschedule the hearing after it was cancelled, and otherwise made no attempts to inform the court that she wished to present evidence through a hearing. Thus, to move the court to reconsider its prior Order based on the fact that Appellant failed to make the motions it now wishes to bring would be improper. See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir.1998) (noting that Rule 59(e) motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").

Finally, Appellant notes that in its prior Order (#21), the court quoted and relied upon Appellee's Brief, which represented that "almost three years worth of negotiations, litigation, and trial preparation" had occurred in this case. See Appellee's Br. (#12) at p. 9; Order (#21) at p. 6. Appellant contends that such statement is inaccurate, that there has been no litigation, and the trial preparation rises or falls with the extent of discovery. To the extent that Appellant alleges that Appellee made factual misrepresentations to the court in its brief, the court does not take such allegations lightly. However, as this court is sitting as an appellate court in reviewing the decision of the Bankruptcy Court, it will not engage in fact-finding in the first instance as to what discovery has or has not occurred in this case. See Columbus–Am. Discovery Group v. Atl. Mut. Ins. Co., 56 F.3d 556, 575–76 (4th Cir.1995) ("It is a basic tenet of our legal system that, although appellate courts often review facts found by a judge or jury ..., they do not make such findings in the first instance."). As such, to the extent that Appellant wishes for the Bankruptcy Court to consider a dispute between the parties regarding the extent of discovery completed as

such facts might have some bearing on intervention, the court will allow Appellant to make a renewed motion before the Bankruptcy Court.

In all other regards, however, the court finds that Appellant has failed to identify any intervening change in controlling law, new evidence, clear error of law, or a showing of manifest injustice that would allow this court to grant her Motion to Intervene under the governing standards. See Pac. Ins. Co., 148 F.3d at 403. The court will therefore deny the Motion.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Appellant's Motion to Reconsider (#23) is **DENIED**. The court **AFFIRMS its prior Order (#21) without prejudice** to Appellant to make a renewed Motion before the Bankruptcy Court renewing any allegations of evidentiary disputes as to the extent of discovery in this case that Appellant may wish the Bankruptcy Court to consider in the first instance.

**The Clerk of Court is respectfully requested to transmit a copy of this Order to the Bankruptcy Court.**

Signed: August 12, 2016

Max O. Cogburn Jr.
United States District Judge